

**null / ALL**
**Transmittal Number: 22999587**
**Date Processed: 04/02/2021**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Julie Milligan<br>Honeywell International<br>300 S Tryon St<br>Charlotte, NC 28202-1040 |

| | |
|---|---|
| **Entity:** | Honeywell International Inc.<br>Entity ID Number  2034040 |
| **Entity Served:** | Honeywell International Inc. |
| **Title of Action:** | Cynthia Dugger vs. Honeywell International Inc. |
| **Matter Name/ID:** | Cynthia Dugger vs. Honeywell International Inc. (11106623) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Cuyahoga County Court of Common Pleas, OH |
| **Case/Reference No:** | CV21945586 |
| **Jurisdiction Served:** | Ohio |
| **Date Served on CSC:** | 04/01/2021 |
| **Answer or Appearance Due:** | 28 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| **Sender Information:** | Christopher P. Thorman<br>216-621-3500 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

EXHIBIT A

Case: 1:21-cv-00892-DAP  Doc #: 1-1  Filed: 04/29/21  2 of 15.  PageID #: 7

NAILAH K. BYRD
1200 Ontario
Cleveland, OH 44113

Case# CV21945586



RETURN RECEIPT REQUESTED ELECTRONICALLY

9314 8001 1300 3544 4747 66

HONEYWELL INTERNATIONAL INC.
CO STATUTORY AGENT CORP SERVICE CO
50 WEST BROAD STREET, SUITE 1330
COLUMBUS OH 43215

EXHIBIT A

**SUMMONS IN A CIVIL ACTION    COURT OF COMMON PLEAS, CUYAHOGA COUNTY JUSTICE CENTER**
CLEVELAND, OHIO 44113

| CASE NO. | | SUMMONS NO. |
|---|---|---|
| CV21945586 | D1 CM | 44018733 |

Rule 4 (B) Ohio

Rules of Civil
Procedure

CYNTHIA DUGGER
VS
HONEYWELL INTERNATIONAL INC., ET AL

PLAINTIFF

DEFENDANT

**SUMMONS**

HONEYWELL INTERNATIONAL INC.
CO STATUTORY AGENT CORP SERVICE CO
50 WEST BROAD STREET, SUITE 1330
COLUMBUS OH 43215

You have been named defendant in a sums
complaint (copy attached hereto) filed in Cuyahoga
County Court of Common Pleas, Cuyahoga County
Justice Center, Cleveland, Ohio 44113, by the
plaintiff named herein.

You are hereby summoned and required to
answer the complaint within 28 days after service
of this summons upon you, exclusive of the day of
service.

Said answer is required to be served on:



Said answer is required to be served on Plaintiff's
Attorney (Address denoted by arrow at left.)

**Plaintiff's Attorney**

CHRISTOPHER P THORMAN
50 E. WASHINGTON ST.

CLEVELAND, OH 44022

Your answer must also be filed with the court
within 3 days after service of said answer on
plaintiff's attorney.

If you fail to do so, judgment by default will be
rendered against you for the relief demanded in the
complaint.

Case has been assigned to Judge:

DICK AMBROSE
Do not contact judge. Judge's name is given for
attorney's reference only.

NAILAH K. BYRD
Clerk of the Court of Common Pleas

| DATE SENT | |
|---|---|
| Mar 26, 2021 | |

By_____
Deputy

COMPLAINT FILED   03/26/2021



CMSN130

EXHIBIT A

**IN THE COURT OF COMMON PLEAS**
**CUYAHOGA COUNTY, OHIO**

| | |
|---|---|
| **CYNTHIA DUGGER,** <br> 6061 Father Caruso Drive Unit #3104 <br> Cleveland, OH 44102, <br><br>      Plaintiff, <br><br>     vs. <br><br> **HONEYWELL INTERNATIONAL INC.,** <br> c/o its Statutory Agent, <br> Corporation Service Company <br> 50 West Broad Street, Suite 1330 <br> Columbus, OH, 43215, <br><br> **AND** <br><br> **MEHREZ HACHED,** <br> 7101 Chase Oaks Blvd Apt 534 <br> Plano, TX 75025, <br><br>      Defendants. | CASE NO. <br><br> JUDGE <br><br><br> **COMPLAINT** <br><br><br><br><br><br><br><br> **Plaintiff demands a trial by jury on all issues triable of right by a jury, pursuant to Ohio R. Civ. P. 38.** |

## INTRODUCTION

1.    Plaintiff Cynthia Dugger ("Dugger" or "Plaintiff") brings this action against Defendant Honeywell International Inc. ("Honeywell"), and Defendant Mehrez Hached ("Hached") (collectively, "Defendants") for violations of Chapter 4112 of the Ohio Revised Code.

2.    Plaintiff is an Ohio citizen and a resident of Cuyahoga County, Ohio.

3.    Defendant Honeywell International Inc. ("Honeywell") is a foreign corporation with several locations in Ohio, including one in Cleveland, Ohio. Defendant Honeywell operates and does business in Cuyahoga County, Ohio.

4.    Upon information and belief, Defendant Hached is a citizen of Canada and maintains a residence in Texas.

EXHIBIT A

5. Upon information and belief, Defendant Hached was employed by Defendant Honeywell through 2020.

6. Plaintiff is an "employee" within the meaning of Chapter 4112 of the Ohio Revised Code.

7. Defendant Honeywell and Defendant Hached are "persons," "individuals," and "employers" within the meaning of Chapter 4112 of the Ohio Revised Code.

8. Plaintiff was employed by Defendants through on or around February 28, 2020.

9. The conduct, activity, and injuries that gave rise to these claims occurred in Cuyahoga County, Ohio. Jurisdiction and venue are proper.

### FACTS APPLICABLE TO ALL CAUSES OF ACTION

10. Plaintiff incorporates by reference the allegations from the preceding paragraphs as if fully re-alleged herein.

11. Plaintiff is a female.

12. In or around 2015, Plaintiff was hired by Defendants as a Senior Regional Sales Territory Manager.

13. In or around 2019, Plaintiff interviewed for a new position with Defendants. Plaintiff was then hired by Defendants as a Senior Channel Business Manager.

14. Plaintiff served a multistate territory and worked in Cuyahoga County, Ohio.

15. At all times relevant hereto, Plaintiff was qualified for the positions in which she was employed, for which she applied, or for which she was considered.

16. At all times relevant to this Complaint, Plaintiff was able to perform and did successfully perform the duties and responsibilities of the position(s) she held.

EXHIBIT A

17.     During her employment, Plaintiff engaged in protected activity within the meaning of Chapter 4112 of the Ohio Revised Code by complaining to Defendants about unlawful discriminatory practices, including complaining about discrimination by Defendants with respect to her pay, commission, and benefits.

18.     During Plaintiff's transition to the position of Senior Channel Business Manager, Defendant Hached provided Plaintiff with a list of new business objectives that Plaintiff was required to meet. The business objectives were not typical business objectives given to a Senior Channel Business Manager. Rather, they included extra functions, in addition to the typical channel management function. The additional functions included product management and individual sales responsibilities.

19.     The common practice was for Defendants to divide the three business objectives between three positions: a Channel Manager position, a Product Manager position, and a Regional Territory Manager position.

20.     After receiving the new business objectives, Plaintiff was informed that Defendants would not be filling the roles of Product Manager and Regional Territory Manager within her work group and that Plaintiff was expected to handle all three functions.

21.     Defendants refused to provide Plaintiff with additional compensation for performing the duties and responsibilities of these multiple positions.

22.     Plaintiff complained to Human Resources about her compensation, however her request for additional compensation was denied.

23.     During Plaintiff's employment, Defendants did not hire anyone into the Product Manager position within her work group. Thus, Plaintiff continued to support the product management function without additional compensation.

EXHIBIT A

24.     During Plaintiff's employment, Defendants hired Char Cammans ("Cammans").

25.     Defendant Hached supervised both Plaintiff and Cammans.

26.      Cammans was new to the industry and thus required training. However, Defendants refused to provide training to Cammans.

27.     Plaintiff and Defendants came to learn that Cammans suffered from one or more disabling conditions that substantially limited her in one or more major life activities. Cammans had previously been diagnosed with cancer.

28.     During her employment with Defendants, Cammans was under continuing care and treatment for her cancer, which included a related surgical procedure.

29.     Defendants knew of Cammans' disability and her record of disability, and/or regarded her as disabled.

30.     After Cammans sought continuing care and treatment for her cancer, Plaintiff was informed by Defendant Hached that he was intentionally refusing to support Cammans in her work and training and intended to paper Cammans' personnel file to create a false record to support her termination.

31.     Defendants unlawfully discriminated against Cammans because of her disability, with respect to the terms and conditions of her employment.

32.     Plaintiff witnessed Defendants' discriminatory treatment of Cammans, with respect to her training, support, account assignments, and related terms and conditions of employment, particularly after Cammans' surgical absence.

33.     Plaintiff engaged in protected activity within the meaning of Chapter 4112 of the Ohio Revised Code by objecting to Defendants' discriminatory treatment of Cammans.

EXHIBIT A

34.     Throughout Plaintiff's employment, Defendants continually engaged in a pattern and practice of discrimination, including disability discrimination, gender and pay discrimination and of condoning discrimination and retaliation in violation of Ohio law.

35.     Plaintiff was repeatedly denied sales opportunities that were given to a male employee, who had less skills, less experience, and a junior job title as compared to Plaintiff.

36.     On more than one occasion, Plaintiff's clients specifically requested Plaintiff's skills and expertise and requested that Plaintiff participate in onsite sales meetings.

37.     Defendants assigned a lesser qualified male employee to participate in the sales meetings instead of Plaintiff.

38.     Defendants paid males compensation and commissions greater than they paid to Plaintiff for performing the same or similar duties.

39.     Plaintiff also learned that supervisors shared commissions with channel managers. However, Defendants refused to share commissions with Plaintiff.

40.     Plaintiff engaged in protected activity within the meaning of Chapter 4112 of the Ohio Revised Code by objecting to Defendants' discriminatory practices and complaining about the gender discrimination and pay inequity.

41.     Plaintiff requested that Defendants pay her for commissions and additional compensation for her sales efforts, which was consistent with past practice and policies.

42.     Plaintiff complained about the discrimination to Human Resources.

43.     Plaintiff complained about the discrimination to Commercial Excellence, a department that deals with sales compensation challenges and related discriminatory concerns.

44.     Plaintiff was informed by Commercial Excellence that the provisions in Defendants' compensation plan provided for the payment of commissions to her.

EXHIBIT A

45.     Defendants continued to discriminate against Plaintiff and to deny Plaintiff split commissions, despite being allowed to do so.

46.     In or around December 2019, Plaintiff filed a written grievance, in the form of a Code of Conduct complaint against Defendants regarding the gender and pay discrimination.

47.     Plaintiff escalated her concerns to the Director level.

48.     In or around January 2020, Plaintiff met with Defendants' CE Director to complain about the discrimination.

49.     Defendants were aware of Plaintiff's protected activity.

50.     Defendants failed to investigate Plaintiff's complaints of discrimination and harassment.

51.     On or about February 28, 2020, Defendants terminated Plaintiff's employment.

52.     Shortly thereafter, Defendants terminated Cammans' employment.

53.     Plaintiff was not terminated for "cause" within the meaning of Defendants' policies, practices and the terms of her employment.

54.     Defendants did not terminate Plaintiff for any reasons related to her work performance, her adherence to company policy and practice, or for just cause.

55.     Defendants informed Plaintiff that her position was being eliminated for economic considerations unrelated to her work performance.

56.     Plaintiff was the sole individual with her job title, function and responsibilities who was terminated as part of the claimed job elimination.

57.     Defendants violated their policies and procedures with respect to the purported elimination of Plaintiff's position.

EXHIBIT A

58.     Defendants did not actually eliminate the position, title or responsibilities held by or performed by Plaintiff or others at the time of her employment.

59.     Defendants' stated reason for terminating Plaintiff was false and pretextual.

60.     Defendants refused to reinstate, rehire, transfer or reassign Plaintiff to available positions for which she was qualified.

**FIRST CAUSE OF ACTION**

**(Violation of O.R.C. §§ 4112.02(I) and 4112.99 – Retaliation)**

61.     Plaintiff incorporates by reference the previous paragraphs as if fully re-alleged herein.

62.     Plaintiff engaged in protected activity, including but not limited to objecting to discrimination by Defendants, against an employee who suffered from one or more disabling conditions; complaining that Defendants discriminated against Plaintiff on the basis of her sex and gender; and complaining that Defendants were discriminating against Plaintiff with respect to her pay, commission and related benefits.

63.     Defendants were aware of Plaintiff's protected activity.

64.     Defendants failed to take prompt, remedial, and appropriate steps to address the unlawful discriminatory treatment of Plaintiff and other female and/or disabled workers.

65.     Defendants unlawfully retaliated against Plaintiff because of her protected conduct, with respect to the terms, conditions and privileges of her employment, including, but not limited to, unfairly and discriminatorily scrutinizing and evaluating her work; refusing to pay her salary, commission, bonuses and benefits equally compared to men and employees who did not engage in protected activity; subjecting her to false and discriminatory performance assessments and criticisms; deviating from established progressive discipline practices, policies and procedures;

EXHIBIT A

refusing to investigate her work-related complaints; imposing disparate and discriminatory standards and measures of performance and behavior; threatening her; denying her tools including mentoring and support; denying her professional support with respect to her relationships with others, with respect to mentoring, training, and career advancement opportunities; reprimanding her for conduct that her counterparts who did not engage in protected activity were not reprimanded for; terminating her from her position; failing and refusing to transfer her into other open positions for which she was qualified; and, subjecting her to a hostile work environment.

66.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiff suffered and will continue to suffer economic and non-economic damages, including, but not limited to, back pay, front pay, past and future economic losses, lost earning capacity, pain and suffering, and the loss of salary, bonuses, benefits and other privileges and conditions of employment.

67.     Defendants' retaliatory actions against Plaintiff in violation of O.R.C. §§ 4112.02(I) and 4112.99 were intentional, willful, reckless, and/or malicious, and render Defendants liable for past and future economic and non-economic compensatory and punitive damages, as well as reasonable attorneys' fees, costs, expenses, and any equitable relief that this Court deems appropriate pursuant to O.R.C. § 4112.99.

## **SECOND CAUSE OF ACTION**

### **(Violation of O.R.C. §§ 4112.02(A) and 4112.99 – Gender and Sex Discrimination)**

68.     Plaintiff incorporates by reference the previous paragraphs as if fully re-alleged herein.

69.     At all times relevant hereto, Plaintiff was qualified for the positions in which she was employed by Defendants.

EXHIBIT A

70.     Defendants unlawfully discriminated against Plaintiff because of her sex and gender, with respect to the terms, conditions and privileges of her employment, including, but not limited to, unfairly and discriminatorily scrutinizing and evaluating her work; engaging in gender-stereotyping and sexism; refusing to pay her salary, bonuses, commissions and benefits equally compared to male employees; subjecting her to false and discriminatory performance assessments and criticisms; deviating from established progressive discipline practices, policies and procedures; refusing to investigate her work-related complaints; imposing disparate and discriminatory standards and measures of performance and behavior; denying her tools including mentoring and support; denying her professional support with respect to her relationships with others, with respect to mentoring, training, and career advancement opportunities; reprimanding her for conduct that her male counterparts and others similarly situated were not reprimanded for; terminating her from her position; failing and refusing to transfer her into other open positions for which she was qualified; and, subjecting her to a hostile work environment.

71.     Defendants have a pattern, policy and practice of discriminating against women on basis of gender by paying women less than their male counterparts, disciplining, reprimanding, non-renewing and terminating women for conduct for which men are not similarly treated.

72.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiff suffered and will continue to suffer economic and non-economic damages, including, but not limited to, back pay, front pay, past and future economic losses, lost earning capacity, pain and suffering, and the loss of salary, bonuses, benefits and other privileges and conditions of employment.

73.     Defendants' discriminatory actions against Plaintiff in violation of O.R.C. §§ 4112.02(A) and 4112.99 were intentional, willful, reckless, and/or malicious, and render Defendants liable for past and future economic and non-economic compensatory and punitive

EXHIBIT A

damages, as well as reasonable attorneys' fees, costs, expenses, and any equitable relief that this Court deems appropriate pursuant to O.R.C. § 4112.99.

### THIRD CAUSE OF ACTION

### (Aiding and Abetting Discrimination in Violation of R.C. Chapter 4112)

74.     Plaintiff incorporates by reference the allegations from the preceding as if fully re-alleged herein.

75.     Defendants each aided and abetted each other in discriminating against Plaintiff as described above.

76.     As a direct and proximate result of Defendants aiding and abetting discrimination in violation of Ohio Rev. Code § 4112.02(J), Plaintiff suffered and will continue to suffer economic compensatory and non-economic compensatory damages, including, but not limited to, back pay, front pay, past and future economic losses, lost earning capacity, pain and suffering, and the loss of salary, benefits, and other privileges and conditions of employment.

77.     Defendants' discriminatory actions against Plaintiff in violation of R.C. § 4112.02(J) were willful, reckless, and/or malicious. Pursuant to R.C. §§ 4112.02 and 4112.99, Defendants are liable to Plaintiff for past and future economic and non-economic compensatory damages, back pay, front pay, punitive damages, attorneys' and expert fees, costs, interest, and any equitable relief that this Court deems appropriate, including, but not limited to, re-employment and promotion.

### PRAYER FOR RELIEF

Plaintiff Cynthia Dugger seeks an amount in excess of $25,000 to fully, fairly and justly compensate her for injury, damage and loss, and respectfully prays that this Court enter judgment in her favor and award his past and future economic and non-economic compensatory damages,

EXHIBIT A

fringe benefits, consequential damages, incidental damages, punitive damages, liquidated damages, interest, attorneys' fees, all fees and costs, and any additional equitable relief that the Court deems appropriate, including, but not limited to, back pay, front pay, reinstatement and promotion.

Respectfully submitted,

/s/ Christopher P. Thorman
CHRISTOPHER P. THORMAN (0056013)
cthorman@tpgfirm.com
DANIEL P. PETROV (0074151)
dpetrov@tpgfirm.com
SARAH WYSS (0100278)
swyss@tpgfirm.com

THORMAN PETROV GROUP CO., LPA
50 E. Washington St.
Cleveland, Ohio 44022
Tel. (216) 621–3500
Fax (216) 621–3422

Attorneys for Plaintiff Cynthia Dugger

EXHIBIT A



United States Postal Service®

# CERTIFIED MAIL™

U.S. POSTAGE >> PITNEY BOWES

ZIP 44102
02 4W
0000367348

$ 006.26⁰

MAR 30 2021

EXHIBIT A